BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:10-cv-01548 MCE-EFB |
| Plaintiff, | JOINT STATUS REPORT AND STIPULATION TO STAY |
| v. | FURTHER PROCEEDINGS; ORDER |
| APPROXIMATELY $6,267.00 IN U.S. CURRENCY, | DATE: N/A |
| | TIME: N/A |
| Defendant. | COURTROOM: |

Pursuant to this Court's Order Requiring Joint Status Report the plaintiff United States of America and claimant Dassany Keophimanh ("Claimant) submit the following report. Plaintiff sought input from claimants Mui Nhi Phung, Hieu Nguyen, and Hung Ly but got no response.

**(a) Brief summary of the claims and legal theories under which recovery is sought or liability denied:**

Plaintiff alleges that the defendant currency is the proceeds of drug trafficking, or was intended to be used in exchange for controlled substances, and is therefore forfeitable pursuant to 21 U.S.C. § 881(a)(6). Claimant Keophimanh denies these allegations. The remaining claimants have not yet filed

answers to the Complaint for Forfeiture <u>In</u> <u>Rem</u>, and the answers are overdue.

**(b)  Status of service upon all defendants and cross-defendants and claimants:**

All known potential claimants to the currency have been served, and the time for filing claims by those individuals has expired.  Claimant Keophimanh filed a timely claim and answer. Claimants Mui Nhi Phung, Hieu Nguyen, and Hung Ly filed claims on July 21, 2010, but did not file their answers by the August 11, 2010, filing deadline.  Under Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, these claimants only had 21 days after filing their claims to file answers.

In addition, publication of the forfeiture on the government's website was just completed, so it is possible that another person could come forward to claim the defendant currency.  Under Rule G (5)(a)(ii)(B) a person who did not receive direct notice of the forfeiture (e.g. by certified mail or personal service), but who sees the notice of forfeiture on the website, can file a claim as late as 60 days after the first day of publication on the government website.  The first day of publication was June 23, 2010; accordingly, other potential claimants have until August 23, 2010, to file claims in this action.

**(c)  Possible joinder of additional parties:**

Plaintiff does not anticipate that there will be any additional parties, but it is possible that a person who sees the notice of forfeiture on the government website will file a claim

and answer and will therefore become a party.

**(d)  Contemplated amendments to the pleadings:**

The parties do not contemplate amending the pleadings.

**(e)  Statutory basis for jurisdiction and venue:**

Jurisdiction is based on 28 U.S.C. §§ 1345 and 1355(a). Venue is based on 28 U.S.C. §§ 1355(b) and 1395, and 21 U.S.C. § 881(j).

**(f)  Anticipated discovery and the scheduling of discovery, including:**

**(1)  what changes, if any, should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions.  See Fed. R. Civ. P. 26(a)(1)(B)(ii).

In addition, the parties request that a stay of further proceedings be entered at this time pending the outcome of a related criminal case now pending against claimant Keophimanh.  Keophimanh is a defendant in U.S. v. David Chong, et al., 2:10-cr-00042-MCE now pending in this court.

The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2).  As explained above in (a) above, the plaintiff contends that the currency is the proceeds of drug trafficking, or was intended to be used in drug trafficking.  If discovery proceeds at this time, claimant Keophimanh will be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to pursue his

claims to the defendant property, or waiving his Fifth Amendment right and submitting to a deposition and potentially incriminating herself. If she invokes her Fifth Amendment right, the plaintiff will be deprived of the ability to explore the factual basis for the claim she filed with this court.

In addition, claimants intend to depose, among others, the agents involved in this investigation, including but not limited to the agents with the Drug Enforcement Administration. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate the underlying criminal conduct.

The parties recognize that proceeding with this action at this time has potential adverse affects on the prosecution of the pending criminal case, and/or upon claimants' ability to prove their claim to the property and assert any defenses to forfeiture. For these reasons, the parties jointly request that this matter be stayed until the related criminal case is over. At that time the parties will advise the court whether a further stay is necessary.

Plaintiff intends to move to strike the claims filed by Phung, Nguyen, and Ly if answers are not filed by September 1, 2010, and does not intend that the requested stay prevent plaintiff from filing this motion.

**(2) the subjects on which discovery may be needed; when discovery should be completed; and whether discovery should be conducted in phases;**

As explained above the parties request a stay of further proceedings.

//

  **(3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;**

 The parties do not request any changes in the discovery limitations imposed by Fed. R. Civ. P. 26(b)(2), 30, or 33.

  **(4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);**

 As explained above the parties request a stay of further proceedings, including expert disclosure.

  **(5) Proposed dates for discovery cut-off:**

 Not applicable in light of requested stay of further proceedings.

 **(g) Contemplated dispositive motions and proposed date by which all non-discovery motions shall be heard:**

 As noted above plaintff intends to move to strike the claims filed by Phung, Nguyen, and Ly if they fail to file answers by September 1, 2010. Plaintiff will file the motion by October 1, 2010.

 **(h) Proposed date for final pretrial conference:**

 Not applicable in light of the requested stay of further proceedings.

 **(i) Proposed date for trial, estimate of days of trial, and whether any party has demanded a jury:**

 Not applicable in light of the requested stay of further proceedings.

//

//

**(j) Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. § 636(c):**

None.

**(k) Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case:**

None.

**(l) Whether the case is related to any other case pending in this district, including the bankruptcy courts of this district:**

This case is related to U.S. v. David Chong, et. al. 2:10-cr-00042 MCE. A Notice of Related Case was filed on June 21, 2010.

**(m) Prospects for settlement, including whether a settlement conference should be scheduled and whether, in the case of a jury trial, the parties will stipulate to the trial judge acting as settlement judge:**

Prospects for settlement are unknown at this time.

(n) **Any other matter that may be conducive to the just and expeditious disposition of the case.**
None.

Date: August 20, 2010          BENJAMIN B. WAGNER
                               United States Attorney


                          By   /s/ Kristin S. Door
                               KRISTIN S. DOOR
                               Assistant U.S. Attorney
                               Attorneys for Plaintiff
                               United States of America


Dated: August 20, 2010         /s/ Scott N. Cameron
                               SCOTT N. CAMERON
                               (As authorized on 8/17/10)
                               Attorney for claimant
                               Dassany Keophimanh

6    JOINT STATUS REPORT & STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER [PROPOSED]

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until the proceedings in U.S. v. Chong, et al., 2:10-cr-00042 MCE have concluded. Within 30 days after all proceedings have concluded, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: August 31, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE